IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | Case No. 1:25-cv-01499-CL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| UNITED STATES PATENT AND TRADEMARK OFFICE, *et al*, | |
| Defendants. | |

**CLARKE**, Magistrate Judge.

Self-represented Plaintiff Ronald Satish Emrit filed this action against a lthe United States Patent and Trademark Office (USPTO) and other departments and organizations. The case comes before the Court for a review of the Complaint to determine if it meets the screening requirements for a plaintiff proceeding *In Forma Pauperis* (IFP). Plaintiff's Complaint (ECF #1) was filed on August 21, 2025, as was his Application for Leave to Proceed IFP (ECF #2).

For the reasons below, Plaintiff's Complaint (ECF #1) should be dismissed without prejudice and with leave to file a First Amended Complaint. Plaintiff's IFP application (ECF #2) shall be held in abeyance and reconsidered in light of the amended pleading. Failure to file an amended pleading will result in dismissal of the case.

1 – OPINION AND ORDER

## DISCUSSION

### a. *IFP consideration*

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigant is financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to state a claim for which the Court is capable of granting relief. The Court cannot discern what claims are asserted against each of the six Defendants and what specific facts underly those claims. For instance, the Complaint lists two specific Counts; Count One is for "Tortious Interference with Contract," and Count Two is for "Tortious Interference with Business Relations." Both Counts list the required elements to state a claim for each tort. However, neither Count connects those elements to any factual allegations of wrongful conduct by the named defendants. Plaintiff states that he is trying to obtain a design patent or utility patent, but he does not know how to fill out the forms with the USPTO. This factual allegation fails to connect in any way to either tort claimed in Counts One or Two.

Even recognizing Plaintiff is self-represented and reading the Complaint liberally, the Court finds no legally cognizable claim. Additionally, Plaintiff requests relief in the form of an Order requiring the USPTO to award a patent to Plaintiff for his ideas related to quantum mechanics, astrophysics, general relativity, and special relativity "without having to go through the 'red tape' of obtaining a patent or intellectual property law attorney" to fill out the necessary

paperwork. It is not at all clear that this Court has any such authority to award patents outside of the usual administrative process required by the USPTO and other government departments.

### b. *Plaintiff's Frequent Filer Status*

A review of the Court's docket shows that Plaintiff has filed nine (9) cases in the last ten years in the District of Oregon. He filed two cases in 2016 (3:16-cv-01564-YY; 3:16-cv-01854-BR), four cases in 2020 (6:20-cv-00023-AA; 6:20-cv-00024-MK; 1:20-cv-00216-MC; 1:20-cv-00220-CL; 1:24-cv-00060-CL), and now two cases so far in 2025 (1:25-cv-00071-CL; 1:25-cv-01499-CL). A closer review shows that all of these cases failed to state a cognizable claim for relief, were unmeritorious, or even frivolous. This kind of overlitigation of frivolous issues is a waste of judicial resources. The Plaintiff is hereby given notice that any further frivolous filings could result in the issuance of a Prefiling Order, which would require approval from chambers prior to any filings being docketed or acknowledged by the Court.

## ORDER

Plaintiff's Complaint is hereby dismissed for failure to state a cognizable claim for relief. It is not clear whether any amendment to Plaintiff's claims can cure the deficiencies identified above. In an abundance of caution, the dismissal is without prejudice, and with leave to file a First Amended Complaint within 30 days, if Plaintiff can state a claim for relief that the Court has authority to grant. Failure to file amended pleadings, or failure to cure the deficiencies identified, could result in dismissal of the case with prejudice. Any further filing of frivolous cases could result in the imposition of a Prefiling Order.

It is so ORDERED and DATED this ___1___ day of October, 2025.

MARK D. CLARKE
United States Magistrate Judge