IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE, *et al*,

    Defendants.

Case No. 1:25-cv-01499-CL

**FINDINGS AND RECOMMENDATION**

**CLARKE**, Magistrate Judge.

Self-represented Plaintiff Ronald Satish Emrit filed this action against the United States Patent and Trademark Office (USPTO) and other departments and organizations. Plaintiff's Complaint (ECF #1) was filed on August 21, 2025. The case comes before the Court for a review of the Amended Complaint (#12) to determine if it meets the screening requirements for a plaintiff proceeding *In Forma Pauperis* (IFP). In a prior Order (ECF #4) the Court determined that the initial Complaint failed to state a claim for relief, and, in an abundance of caution it was dismissed without prejudice, giving Plaintiff leave to file an Amended Complaint. Plaintiff's Application for Leave to Proceed IFP (ECF #2) was held in abeyance. For the reasons below, the case should be dismissed with prejudice, the IFP application should be denied, and the Court should certify that an IFP appeal from this recommendation would be frivolous.

### a. IFP Screening Review of Plaintiff's Amended Complaint

A thorough review of the Amended Complaint shows that Plaintiff has failed to cure the deficiencies identified in his initial Complaint. The same two specific Counts are listed; Count One is for "Tortious Interference with Contract," and Count Two is for "Tortious Interference with Business Relations." Both Counts list the required elements to state a claim for each tort. However, neither Count connects those elements to any factual allegations of wrongful conduct by the named defendants. Plaintiff states that he is trying to obtain a design patent or utility patent, but he does not know how to fill out the forms with the USPTO. This factual allegation fails to connect in any way to either tort claimed in Counts One or Two.

Even recognizing that Plaintiff is self-represented and reading the Complaint and the Amended Complaint liberally, the Court finds no legally cognizable claim. Additionally, Plaintiff requests relief in the form of an Order requiring the USPTO to award a patent to Plaintiff for his ideas related to quantum mechanics, astrophysics, general relativity, and special relativity "without having to go through the 'red tape' of obtaining a patent or intellectual property law attorney" to fill out the necessary paperwork. It is not at all clear that this Court has any such authority to award patents outside of the usual administrative process required by the USPTO and other government departments. Regardless of the availability of such relief, however, Plaintiff has not alleged any cognizable harm or legal claim against any named defendant. Having afforded Plaintiff an opportunity to cure his amendment, and Plaintiff having failed to do so, the Court is satisfied that no possible amendment could cure this purported cause of action.

### b. Plaintiff's Frequent Filer Status

As discussed in the prior Order, Plaintiff has filed at least nine (9) cases in the last ten years in the District of Oregon. Further review shows that he has filed hundreds more in district

courts across the country. *See, e.g., Emrit v. United States Pat. & Trademark Off*, No. CV 25-1847, 2025 WL 2674760, at *2 (E.D. La. Sept. 18, 2025) ("Plaintiff has filed hundreds of lawsuits in districts throughout the country, ... [t]he great majority of these cases have been dismissed for improper venue or failure to state a claim."). Indeed, "Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." *Emrit v. Trump*, No. 1:19-CV-18, 2019 WL 140107, at *2 (S.D. Ohio Jan. 9, 2019) *report and recommendation adopted*, No. 1:19CV018, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). "Notwithstanding such sanctions and admonishments, as well as a resounding lack of success in the federal courts that would give pause to most litigants, Plaintiff has given no hint of abating his pernicious conduct." *Id*.

This kind of overlitigation of frivolous issues is a waste of judicial resources. In the previous Order issued in this case, Plaintiff was given notice that any further frivolous filings in the District of Oregon could result in the issuance of a Prefiling Order, which would require approval from chambers prior to any filings being docketed or acknowledged by the Court. Since that previous Order, this Court recommended that another case of Plaintiff's be dismissed with prejudice, that the IFP request be denied, that any appeal certified as frivolous, and that a pre-filing order be entered. Civ. No. 1:25-cv-01864-CL (ECF # 4). The District Court adopted that recommendation, and ultimately enjoined Plaintiff from:

> filing in this district any new proceeding, complaint, or cause of action, unless (1) Plaintiff pays the full filing fee; (2) Plaintiff is represented by legal counsel authorized to practice in this district (including by pro hac vice admission); (3) Plaintiff submits with his complaint a certification from an attorney authorized to practice in this district that the complaint is not frivolous; or (4) Plaintiff has received prefiling authorization from the Court.

Civ. No. 1:25-cv-01864-CL (ECF # 11). Therefore, for the alternative reason that the above requirements have not been met, nor do the exceptions apply, Plaintiff's Amended Complaint should be dismissed with prejudice.

## RECOMMENDATION

For all of the reasons given above, the Court recommends the following:

(1) Plaintiff's Amended Complaint should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

(2) Plaintiffs Application for Leave to Proceed IFP (ECF #2) should be denied; and

(3) The Court should certify that an IFP appeal from this recommendation would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

It is so DATED this __21__ day of January, 2026.

MARK D. CLARKE
United States Magistrate Judge